UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY BONIECKI,

    Petitioner,

v.                                                             Case No. 11-14824
                                                            Honorable Patrick J. Duggan

STATE OF MICHIGAN, COUNTY
OF MACOMB, and 16TH CIRCUIT COURT,

    Respondents.
_____/

**OPINION AND ORDER (1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS; (2) DENYING A CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**      **Introduction**

Petitioner Teddy Boniecki ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his pending state criminal charges and the jurisdiction of the Circuit Court for Macomb County, Michigan, over those proceedings.[1]

Promptly after the filing of a habeas corpus action, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

---

[1] Petitioner attempted to remove the state criminal case to federal court on two prior occasions. *See* Case Nos. 11-12011 (Cox, J.), 10-12875 (Cleland, J.) In both actions, the matters were remanded to state court. Petitioner also has filed a civil rights action related to the criminal charges against him, which currently is pending. *See* Case No. 2:10-CV-12991 (Murphy, J.)

the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the petition must be dismissed.

## II. Discussion

According to documents filed in one of Petitioner's previous cases in this District, he is being charged in Macomb County with four counts: (1) carrying a concealed weapon; (2) assaulting/resisting a police officer; (3) operating a vehicle with a suspended or revoked license; and (4) reckless driving" (Count 4). *See* Doc. 1 Ex. 1, *Michigan v. Boniecki*, Case No. 11-12011 (E.D. Mich. filed May 6, 2011). In this habeas action, Petitioner challenges those charges and the Macomb County Circuit Court's jurisdiction to prosecute him. Although most of Petitioner's arguments in his petition are difficult to comprehend, Petitioner clearly contends that:

> (1) the charge of carrying a concealed weapon "conflicts with" the right to bear arms set forth in the Michigan and United States constitutions;
>
> (2) assaulting/resisting a police officer "is not a valid charge . . . '[a]n officer who acts in violation of the constitution ceases to represent the government' . . .";

(3) the law requiring a license to operate a vehicle "is void because it is in fact unconstitutional and/or non-constitutional" as "the right to travel by private conveyance for private purposes upon the common way can not be infringed. [N]o license or permission is required to travel when such travel is not for the purpose of commercial profit or gain on the open highways...";

(4) reckless driving "[i]s a false charge on the grounds that driving is a commercial term and no one was hurt by [Petitioner] that night";

(5) felony firearm "[i]s false because it [the firearm] was not in [Petitioner's] possession and no felony was committed according to the constitution."

(*See* Pet. at 4-5, emphasis and capitalization removed.)

A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91, 93 S. Ct. 1123, 1126-28 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). "[A]lthough [28 U.S.C.] § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (citations omitted). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380,

388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Urquhart v. Brown*, 205 U.S. 179, 182, 27 S. Ct. 459, 460 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency"); *Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

Petitioner has made no such showing. To the extent that he seeks dismissal of his pending state charges, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. To the extent that he seeks resolution of procedural or substantive issues in his criminal case, he can raise those claims before the state courts on direct appeal should he be convicted. Consequently, Petitioner has not fully exhausted his state court remedies. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1731 (1999). Petitioner has also not shown that special circumstances warrant federal habeas review. The instant petition therefore is premature and must be dismissed.

Additionally, to the extent that Petitioner asserts that the state trial court lacks jurisdiction over him and his criminal proceedings, he fails to state a claim upon which federal habeas relief may be granted. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d

1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL 1798109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). It is well-settled that a perceived violation of state law does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner thus fails to state a claim upon which federal habeas relief may be granted.

Lastly, to the extent that Petitioner raises other perceived violations of state or federal law, his claims lack factual support and/or a proper legal basis. It is well-established that conclusory allegations do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings). Petitioner fails to state a claim upon which habeas relief may be granted in his pleadings. His petition therefore must be dismissed.

**III. Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief and his petition must be dismissed.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85, 120 S. Ct. at 1604. The Court concludes that reasonable jurists would not find the Court's ruling debatable and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be

taken in good faith.  *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

Date:  November 16, 2011

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Teddy Boniecki
28014 Walker Avenue
Warren, MI 48092